IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RENARDO MINOR, | ) | CASE NO. 1:17 CV 1016 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Renardo Minor for a writ of habeas corpus under 28

U.S.C. § 2254.[2]  Minor was convicted by a Richland County Court of Common Pleas jury

in 1999 of aiding and abetting an aggravated murder and aggravated robbery (both with

firearm specifications).[3]  He is serving a sentence of 33 years to life.[4]  He is currently

incarcerated at the Marion Correctional Institution in Marion, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Donald C. Nugent by non-document order dated May 23, 2017.
[2] ECF No. 1.
[3] ECF No. 8, Attachment 2 at 5.
[4] *Id.* at 7.
[5] https://appgateway.drc.ohio.gov/OffenderSearch

In his petition, Minor raises three grounds for habeas relief.[6]  The State has filed a motion to dismiss, arguing that the petition should be dismissed as it is time-barred, non-cognizable, and procedurally defaulted.[7]  Minor has filed a reply to the motion to dismiss.[8]

For the reasons that follow, I will recommend Minor's petition be dismissed as untimely in part and non-cognizable in part.

## Facts

**A.    Underlying facts, conviction, and sentence**

The facts that follow come from the decision of the appeals court.[9]

A Richland County Grand Jury indicted Minor on one count of aiding and abetting aggravated murder and one count of aiding and abetting aggravated robbery.[10]  Both counts included firearm specifications.[11]  The indictment also charged Ronald Leaks with the same offenses.[12]  The charges arose out of the March 12, 1999, robbery of Papa Johnny's Drive Thru in Mansfield, Ohio, and the murder of Clarence Jacocks, the store clerk.[13]  A third suspect, Lawrence Holder, has not yet been apprehended.[14]

---

[6] ECF No. 1.

[7] ECF No. 8.

[8] ECF No. 9.

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF No. 8, Attachment 2 at 90.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

Minor and Leaks were tried jointly before a jury.[15] The jury found Minor guilty as

charged.[16] The trial court sentenced Minor to an aggregate term of 33 years in prison.[17]

**B.     Direct Appeal**

*1.     Ohio Court of Appeals*

Minor, through counsel, filed a timely[18] notice of appeal[19] with the Ohio Court of

Appeals. In his brief, Minor filed three assignments of error:

1.      The trial court erred in permitting the admission of a statement of one co-defendant which incriminated the other co-defendant and also in permitting the prosecuting attorney in rebuttal argument to use that Bruton statement.

2.      The jury's verdict was against the manifest weight of the evidence and was insufficient as a matter of law to establish each and every element of the crimes charged.

3.      Appellant was deprived of effective assistance of counsel provided by the Sixth Amendment of the United States Constitution and Article I Section 10 of the Ohio Constitution, as well as the due process protection under the Fourteenth Amendment of the United States Constitution and Article I Section 16 of the Ohio Constitution.[20]

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Minor's conviction and sentence were journalized on August 10, 1999 (ECF No. 8, Attachment 2 at 6) and the notice of appeal was filed on August 19, 1999. *Id.* at 9.

[19] ECF No. 8, Attachment 2 at 9.

[20] *Id.* at 14.

The State filed a brief in response.[21]  The Ohio appeals court overruled all three assignments of error and affirmed the decision of the trial court.[22]

Minor appealed this decision to the Supreme Court of Ohio, which dismissed the appeal *sua sponte* as not involving any constitutional question.[23]

### 2. *Ohio Appellate Rule 26(B) application to reopen appeal*

Minor, through new counsel, filed an application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B) in the appeals court.[24]  In his application, Minor raised the following five assignments of error:

1. Trial counsel was ineffective for failing to properly object to a racially discriminatory peremptory challenge. (TR 469-470).[25]

2. Trial counsel was ineffective for failing to object to jury instructions that permitted the element of culpability to be found in either Mr. Minor or Mr. Leaks. (TR 1260-1269).[26]

3. The trial court erroneously admitted evidence about an anonymous tip that was substantially more prejudicial than probative, thereby denying Mr. Minor a fair trial and due process of law.  Trial counsel was ineffective for failing to properly object to the error. (TR 647-652).[27]

4. The cumulative effect of the trial court's and trial counsel's errors served to deny Mr. Minor a fair trial.[28]

---

[21] *Id.* at 55.
[22] *Id.* at 89.
[23] *Id.* at 101.
[24] *Id.* at 102.
[25] *Id.* at 104.
[26] *Id.* at 106.
[27] *Id.* at 108.
[28] *Id.* at 109.

4

5.      The trial court failed to satisfy the statutory requirements for imposing consecutive sentences.[29]

The State filed a memorandum in opposition to Minor's application to reopen his appeal.[30]  The appellate court issued a judgment entry granting Minor's application for reopening on the limited issues presented in proposed assignments of error two and three, finding that a genuine issue existed as to whether Minor was deprived of effective assistance of counsel on appeal.[31]

Minor, through new counsel, raised the following two assignments of error in his brief:

1.      The trial court erred by failing to properly instruct the jury that the Defendant/Appellant was entitled to an individual finding of culpability to be found guilty, thereby denying him a fair trial and the due process of law.  Further, trial counsel was ineffective for having failed to object to certain jury instructions, said instructions permitting the requisite element of culpability to be found in either Mr. Minor or one of his co-defendants, Mr. Leaks. (TR 1260-1269).

2.      The trial court erroneously allowed the admission of evidence pertaining to an anonymous tip, which evidence was substantially more prejudicial than probative, thereby denying Mr. Minor a fair trial and due process of law.  Further, trial counsel was ineffective for having failed to properly object to the error by the trial court. (TR 647-652).[32]

The State filed a brief opposing Minor's assignments of error.[33]  The court of appeals overruled both assignments of error and affirmed the trial court's judgment.[34]

_____

[29] *Id.*
[30] *Id.* at 159.
[31] *Id.* at 166.
[32] *Id.* at 171.
[33] *Id.* at 189.
[34] *Id.* at 208.

5

### 3.    *The Supreme Court of Ohio*

The record only reflects that the Supreme Court of Ohio dismissed Minor's appeal as not involving any substantial constitutional question.[35]

## C.    **First federal petition for writ of habeas corpus**

In 2001, Minor, through counsel, filed a petition for writ of habeas corpus.[36]  In his petition, Minor raised the following two grounds for relief:

> **GROUND ONE:**       Mr. Minor was denied his right to the effective assistance of trial counsel.
>
> **Supporting Facts:**     The individual and cumulative effect of counsel's errors served to deny Mr. Minor a fair trial.  The errors included: (1) failing to move for acquittal under Ohio R. Crim. P. 29; (2) failing to object to the admission of evidence that violated Mr. Minor's right to confront his accuser; (3) failing to object to jury instructions that permitted the element of culpability to be found in either Mr. Minor or his codefendant; and (4) failing to object properly to evidence that was substantially more prejudicial than probative.
>
> **GROUND TWO:**       Mr. Minor was denied the right to the effective assistance of appellate counsel.
>
> **Supporting Facts:**     Appellate counsel failed to raise an obvious sentencing error on appeal.[37]

---

[35] *Id.* at 220.
[36] *Id.* at 221.
[37] *Id.* at 224.

6

The respondent filed a return of writ.[38]  This Court denied Minor's petition for a writ of habeas corpus and further denied Minor a certificate of appealability.[39]

In 2007, the United States Court of Appeals for the Sixth Circuit granted Minor a certificate of appealability on the ineffective assistance of appellate counsel claim.  After briefing and argument, the Sixth Circuit affirmed the judgment of the district court.[40]

The record does not reflect that Minor appealed to the Supreme Court of the United States.

**D.  Petition for post-conviction relief**

More than eight years later, in 2015, Minor, *pro se*, filed a motion for sentencing.[41] The State filed a response.[42]  On August 24, 2015, the trial court granted Minor's motion for the limited purpose of properly imposing post-release control and overruled his remaining arguments as untimely, barred by the doctrine of res judicata, and/or meritless.[43]

*1.  Ohio Court of Appeals*

On September 15, 2015, Minor, *pro se*, filed a timely notice of appeal.[44]  In his brief, Minor raised the following four assignments of error:

    1.  Whether the trial court, after finding the at least the ailing post-release control portion of the underlying attempted sentence(s) was/is 'contrary to law' and thus void, abused its discretion thereby violating due process by: (1) attempting to recharacterize the proceedings as an

---

[38] *Id.* at 232.
[39] *Id.* at 258, 273.
[40] *Id.* at 276.
[41] *Id.* at 281.
[42] *Id.* at 293.
[43] *Id.* at 295.
[44] *Id.* at 304.

untimely petition for postconviction relief; and, (2) asserting a res judicata consequence where the judgment on its face presented a prima facie of invalidity. see [sic]: *State v. Simpkins*, 117 Ohio St. 3d 420, at: 23; and, [sic] 30.

2. Whether the trial court's failure to indicate ['the sequence'] with which the underlying consecutive sentences are to be served implicates due process rendering the attempted sentences [sic] a mere nullity and void. see [sic]: *State v. Kish*, 2014 Ohio App. LEXIS 684, at: HN1; and, [sic] HN2; O.R.C. § 2929.19(B)(3)(e) (the oral pronouncement requirement); and, [sic] State v. Powell (3rd Dist.), 2014 Ohio App. LEXIS 3771, at: HN10, quoting: *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013 Ohio 5121; and, [sic]*State v. Ford* (3rd Dist.), 2014 Ohio App. LEXIS 1820, at 21.

3. Whether (and upon the ordered resentencing procedure) this case is exempt from the mandates of: O.R.C. § 2929.191 as defined in: *State v. Singleton*, 124 Ohio St. 3d 173, as well as *retroactive application of the new judicial ruling pronounced in: State v. Fischer, 128 Ohio St. 3d 92, implicating both: Crim. R. 43(A) 'a right to be 'physically present;' [sic] and, the mandate for ['de novo'] resentencing as defined in: *Romito v. Maxwell* (1967), 10 Ohio St. 2d 266, 267-268, and especially so where appellant has fully completed one or more of the underlying sentences. see [sic]: *State v. Holdcroft*, 137 Ohio St. 3d 526, at: [6]; and, [sic] [7].

4. Whether the trial court's inherent failure to 'inquire' whether one or more of the 'multiple counts' were/are allied offenses of similar import, O.R.C. § 2941.25(A) thereby prohibiting conviction on such counts, implicates due process. See: U.S. C.A. Const. Amend. 5.[45]

The State filed a brief in opposition.[46] Minor filed a reply brief.[47] On March 7, 2016, the appellate court overruled all four assignments of error and affirmed the judgment of the trial court.[48]

---

[45] *Id.* at 314.
[46] *Id.* at 339.
[47] *Id.* at 360.
[48] *Id.* at 371.

## 2.    *The Supreme Court of Ohio*

On March 18, 2016, Minor, *pro se*, filed a timely notice of appeal to the Supreme

Court of Ohio.[49]   In his memorandum in support of jurisdiction, Minor set forth the

following propositions of law:

1.    Whether, and in a post-sentence proceeding to correct a facially improper post-release control notification which forwards only statutory claims, a trial court abuses its discretion thereby violating due process when it reclassifies such proceeding as a post-conviction relief procedure and denies same. see [sic]: *State v. Pippen*, 2014 Ohio App. LEXIS 4366, at: [*P11]; and: *State v. Singleton*, 124 Ohio St. 3d 173.

2.    Whether a trial court commits reversible error (thereby implicating the due process, U.S.C.A. Const. Amend. 14) when, and upon 'sentencing,' it fails to: (1) indicate the sequence with which the consecutive sentences are to be served; (2) fails to determine whether defendant had completed any of the underlying sentences before imposing terms of post-release control, *State v. Holdcroft*, 137 Ohio St. 3d 526; and, [sic] *State v. Kish*, 2014 Ohio App. LEXIS 684, at: HN1; and, HN2.  see [sic] also: *State v. Powell*, 2014 Ohio App. LEXIS 3771, at HN10.

3.    Whether, and upon an intended *resentencing hearing, a trial court made retroactively apply the provisions of: O.R.C. § 2929.191, and in violation of ex post facto prohibitions as well, apply a new judicial ruling, i.e. State v. Fischer, 128 Ohio St. 3d 92, to implicate appellant's right to a full de novo resentencing procedure as defined in: *Romito v. Maxwell* (1967) 10 Ohio St. 2d 266, 267-268. see [sic] also: *State v. Singleton*, 124 Ohio St. 3d 173.

4.    Whether, and where the charges on their face present a prima facie case for 'merger' as allied offenses of similar import, O.R.C. § 2941.25(A), a trial court commits reversible error thereby violating due process when it both: (1) fails to issue upon an inquiry as per the truth of the matters asserted; and, [sic] (2) imposes a sentence of the

---

[49] *Id.* at 383.

allied offense. see [sic]: State v. Rogers, 2015 Ohio St. 3d, 2015 Ohio
LEXIS 1562, at HN8; and, [sic] U.S.C.A. Const. Amend. 5.[50]

The State filed a memorandum in opposition.[51]  On June 15, 2016, the Supreme

Court of Ohio declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R.

7.08(B)(4).[52]

## E.  2016 resentencing

In a resentencing entry filed on October 18, 2016, the trial court imposed a five-year

mandatory term of post-release control.[53]

## F.  Second federal habeas corpus petition

On May 15, 2017, Minor, *pro se*, timely filed[54] a federal petition for habeas relief.[55]

As noted above, he raises three grounds for relief:

> GROUND ONE:  Petitioner was denied due process in violation of
> the Fifth and Fourteenth Amendments of the
> United States Constitution when the Trial Court
> Failed to Find that Petitioner's Offenses Were
> Allied Offenses Subject to Merger.

---

[50] *Id.* at 385.

[51] *Id.* at 412.

[52] *Id.* at 427.

[53] *Id.* at 428.

[54] *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (to be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  The first petition for federal habeas relief was filed on September 7, 2001.  ECF No. 8, Attachment 2 at 221.  As such, it was filed within one year of the conclusion of Minor's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).  The second petition for federal habeas relief was filed on May 15, 2017.  As such, it was filed within one year of the conclusion of Minor's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).  As discussed below, this makes Grounds One and Two untimely and only Ground Three timely filed.

[55] ECF No. 1.

GROUND TWO:      Petitioner was denied due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution when the Trial Court failed to indicate the sequence of the consecutive sentences to be served rendering the sentences void.

GROUND THREE:     Petitioner was denied due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution when the Trial Court denied Petitioner's Request to Be Physically Present for a de novo resentencing hearing and ordered Petitioner re-sentenced via video conference for the limited purpose of imposing post-release control.[56]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Minor is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[57]

2. As discussed below, only Ground Three was timely filed under the applicable statute.[58]

3. In addition, and as discussed below, this is a second or successive petition for federal habeas relief as to this conviction and resentence.[59]

4. Moreover, subject to the arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of

---

[56] *Id.* at 6.
[57] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).
[58] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).
[59] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

having been presented through one full round of Ohio's established appellate review procedure.[60]

5.  Finally, Minor is represented by counsel; therefore, he has not requested the appointment of counsel.[61]  He has requested an evidentiary hearing to develop the factual bases of his claims.[62]

## B.  Standards of review

### 1.  *Statutory tolling*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that habeas petitions be filed within one year of the latest of four triggering dates set forth at 28 U.S.C. § 2244(d)(1).  In this case, the threshold issue is whether Minor timely filed his petition pursuant to 28 U.S.C. § 2244(d)(1)(A).  Section 2244(d)(1)(A) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .[63]

---

[60] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[61] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[62] 28 U.S.C. § 2254(e)(2).

[63] Minor does not argue that his petition is timely pursuant to any of the other subsections of 28 U.S.C. § 2244(d)(1).

When a habeas petitioner does not file a petition for a writ of certiorari from the decision of the state court of last resort, "direct review" of the state court judgment concludes after the expiration of the 90-day period for filing for certiorari.[64]

Furthermore, in order to calculate the deadline pursuant to § 2244(d)(1)(A), the Court must account for collateral review of the petitioner's conviction.[65]  As the United States Supreme Court stated in *Lawrence v. Florida*, § 2244(d)(2) tolls the § 2244(d)(1)(A) limitations period "while a state prisoner seeks postconviction relief in state court."[66] Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[67]

This tolling period, however, does not include the 90-day period during which the petitioner could seek certiorari from the state court of last resort's denial of an application for post-conviction relief; the tolling period is limited to the time between the filing of an application for post-conviction relief and the date of the final state court decision resolving that application.[68]

---

[64] *See Clay v. United States*, 537 U.S. 522, 528 n.3 (2003).
[65] *See* 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007).
[66] *Lawrence*, 549 U.S. at 331.
[67] 28 U.S.C. § 2244(d)(2).
[68] *Lawrence*, 549 U.S. at 337.

### 2.    *Habeas time limitation and equitable tolling*

AEDPA's one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances.[69]  But a petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[70]  Equitable tolling should be applied "sparingly"[71] and decided on a "case-by-case basis."[72]  Further, although "the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run," the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling.[73]

### 3.    *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[74]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available or the petitioner violated a state procedural rule.[75]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[76]  This requires a petitioner to go through "one

---

[69] *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

[70] *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010) (quoting *Holland*, 560 U.S. at 644-648).

[71] *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

[72] *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), *rev'd on other grounds*.

[73] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[74] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[75] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[76] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

14

complete round" of the state's appellate review process,[77] presenting his or her claim to "*each* appropriate state court."[78]  A petitioner may not seek habeas relief, then, if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[79]

When a state asserts that a violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part test to determine whether the claim is procedurally defaulted.[80]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[81]

    (1)   "[T]here must be a state procedure in place that the petitioner failed to follow."[82]

    (2)   "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[83]

    (3)   "[T]he state procedural rule must be an 'adequate and independent state ground,'[84] that is both 'firmly established and regularly followed.'"[85]

---

[77] *Boerckel*, 526 U.S. at 845.

[78] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[79] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[80] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[81] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[82] *Id.* (citing *Maupin*, 785 F.2d at 138).

[83] *Id.*

[84] *Id.* (quoting *Maupin*, 785 F.2d at 138).  "A state procedural rule is an independent ground when it does not rely on federal law."  *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[85] *Id.* (citation omitted).

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[86]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[87]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[88]

Additionally, "a credible showing of actual innocence" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[89]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[90]

## C.  Application of standards

The State has raised multiple grounds for dismissing the petition.  Among them are

---

[86] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[87]  *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[88] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

[89] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[90] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

untimeliness of at least some grounds,[91] procedural default,[92] and non-cognizability.[93] Minor essentially asserts that relying on any of the foregoing grounds for precluding a merits review would result in a miscarriage of justice.[94]  To that end, he extensively discusses the substance of his claims[95] and asks for an evidentiary hearing.[96]

## 1.    *Initial observations*

Regarding the request for an evidentiary hearing, as I noted in *Martin v. Hall*,[97] where claims are non-cognizable and/or procedurally defaulted, such claims require no further factual development and thus an evidentiary hearing is not needed.[98]  For the reasons detailed below, the request for an evidentiary hearing in this matter is denied.

In this instance, as will be more fully detailed below, all three of Minor's claims involve the state court's application of state law at his sentencing and are thus non-cognizable here.

Next, regarding Minor's reliance on the argument that bypassing a merit review here would result in a miscarriage of justice, the miscarriage of justice argument can only very rarely overcome a finding that a claim is non-cognizable.  In particular, where the state appeals court has found that the challenged action is proper under state law, as here, any

---

[91] *See* ECF No. 8, at 12.
[92] *Id.* at 26-29.
[93] *Id.* at 30-35.
[94] ECF No. 9 at 9.
[95] *Id*. at 9-19.
[96] *Id*. at 19-20.
[97] No. 1:09 CV 378, 2010 WL 8435571 (N.D. Ohio March 31, 2010), *report and recommendation adopted by* 2012 WL 601912 (N.D. Ohio Feb. 23, 2012).
[98] 2010 WL 8435571 at *8.

assertion that the state court action was a miscarriage of justice essentially requires a showing of actual innocence.[99]

Minor contends that he is innocent.  He concedes that although he did intend to commit robbery, he "did not intend, nor did he personally commit murder," but was nevertheless convicted of aiding and abetting the murder.[100]  As such, Minor is raising an argument of legal innocence, not factual innocence, since he points to no new reliable scientific, physical, or eyewitness evidence not available at trial such that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.[101]

Accordingly, Minor has not established that he is actually innocent of the offenses for which he was convicted and, therefore, has no grounds to avoid dismissal of his habeas claims on the basis that to do so would be a miscarriage of justice.

## 2.     *Timeliness*

As noted, the State has claimed that Minor's first two grounds for relief should be dismissed as untimely.  Specifically, it asserts that the limitations period for challenging anything that does not pertain to the 2016 re-sentencing ended in 2002 and has not been tolled.[102]  Thus, the State contends, Grounds One and Two are time barred, while Ground Three is timely filed.[103]

---

[99] *See Terrion v. Lorain Correctional Institution*, No. 5:13 cv 426, 2014 WL 4184384, at *15 (N.D. Ohio Aug. 21, 2014) (adopting report and recommendation).
[100] ECF No. 9 at 8.
[101] *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995).
[102] ECF # 8 at 17.
[103] *Id.*

18

For his part, Minor accepts the State's calculation of the applicable limitations period but maintains that the limitations period applicable to Grounds One and Two may be equitably tolled.  He asserts that not tolling the limitations period would result in a miscarriage of justice.[104]

As noted above, Minor has not established the existence of a miscarriage of justice, nor has he pointed to any other basis for tolling the limitations period in this case. Accordingly, for the reasons stated, Grounds One and Two should be dismissed as time-barred.

### 3.    *Cognizability of individual claims*

a.    *Ground One*

In addition to being untimely, Ground One is non-cognizable.  Ground One alleges that the trial court erred by imposing consecutive sentences for allied offenses.[105]  The Sixth Circuit has held that such a claim is non-cognizable in a federal habeas proceeding.[106] Specifically, the court concluded that "[a]t worst, the state court incorrectly applied Ohio's allied offense statute to determine the legislature's intent [regarding consecutive sentencing].  Habeas relief, especially when circumscribed by § 2254(d)(1), is not available for such alleged errors."[107]  As succinctly stated by Magistrate Judge Greenberg in the

---

[104] ECF # 9 at 6-7.
[105] ECF No. 1 at 6.
[106] *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014).
[107] *Id.*

recent case of *Lundy v. Turner*,[108] when the state appeals court determines that the imposition of consecutive sentences is consistent with Ohio's allied offense statute, the federal habeas court is "obliged to defer to the state appellate court's determination. . . ."[109]

Accordingly, consonant with the reasoning in *Jackson* and *Lundy*, Ground One should be dismissed as non-cognizable.[110]

b.      *Ground Two*

In Ground Two, Minor contends that the trial court erred by failing to indicate the sequence in which the consecutive sentences are to be served, thus allegedly rendering them void.[111]

The State makes three distinct arguments here.  First, any claim that a state court violated its own state procedural law in sentencing a petitioner is non-cognizable in a federal habeas proceeding.[112]  Next, the Ohio appeals court specifically held that the trial court, under Ohio law, was not required to state the order in which the sentences are to be served because neither Ohio statutes or regulations specify an order.[113]  Finally, the United States Supreme Court has held that the decision of a state trial court to impose consecutive

---

[108] No. 3:16 CV 1727, 2018 WL 2338868 (N.D. Ohio April 18, 2018), *report and recommendation adopted by Lundy v. Turner*, 2018 WL 2336809 (N.D. Ohio May 23, 2018).

[109] 2018 WL 2338868 at *32 (citing *Jackson*).

[110] *See id.* (dismissing claim as non-cognizable).

[111] ECF No. 1 at 6.

[112] *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

[113] *See* ECF No. 8 at 33 (citing and quoting appeals court decision).

sentences does not implicate the Sixth Amendment.[114]

Accordingly, for the foregoing reasons, Ground Two should be dismissed as non-cognizable.

c.    *Ground Three*

Minor contends he was denied due process when the trial court denied his request to be physically present for a resentencing hearing, but rather ordered that Minor be resentenced by video conference for the limited purpose of imposing post-release control.[115]

Again, the State notes that generally there is no cognizable Constitutional claim arising from a state court allegedly violating state procedural law in sentencing.  Further, the Ohio appeals court concluded that Ohio law does not mandate that a prisoner be physically present for this kind of resentencing hearing.[116]  The State further observes that under Ohio law, the purpose of such a resentencing hearing is simply to provide statutorily required notification of post-release control and that "the trial judge has no discretion" to impose different post-release control terms.[117]  As such, and given that no testimony could be taken or facts found in such a hearing, the State notes that it is unclear what constitutional right is implicated by Minor receiving that notice by video conference as opposed to in person.[118]

---

[114] *Oregon v. Ice*, 555 U.S. 160 (2009).
[115] ECF No. 1 at 6.
[116] *See* ECF No. 8 at 35.
[117] *Id.*
[118] *Id.*

Thus, for the reasons stated, Ground Three should be dismissed as non-cognizable.

## Conclusion

For the foregoing reasons, I recommend that the petition of Renardo Minor for a writ of habeas corpus be dismissed as non-cognizable.

IT IS SO RECOMMENDED.

Dated: January 17, 2019        s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[119]

---

[119] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).