# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RENARDO MINOR, | ) | CASE NO. 1:17-CV-1016 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (ECF #12), submitted on January 17, 2019, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

## Procedural and Factual Background

This case arises from Mr. Minor's conviction in Richland County, Ohio Court of Common Pleas for aiding and abetting aggravated murder with a firearm specification and aiding and abetting aggravated robbery with a firearm specification. (ECF #12 at 2). Mr. Minor was sentenced to a term of thirty-three (33) years to life in prison. (*Id.* at 3). He subsequently perfected an appeal within the state court system and his conviction was affirmed on March 2, 2000. (*Id.* at 3-4). The Supreme Court of Ohio dismissed Mr. Minor's appeal *sua sponte* as not involving any constitutional question. (*Id.* at 4). The appellate court granted Mr. Minor's application for reopening his direct appeal pursuant to Ohio Appellate Rule 26(B) on two limited issues. (*Id.* at 4-5). The appellate court affirmed the trial court's judgment on March 20, 2001. (*Id.* at 5).

In 2001, Mr. Minor, through counsel, filed his first petition for writ of habeas corpus in this Court. (*Id.* at 6). This Court denied Mr. Minor's petition for a writ of habeas corpus and further denied Mr. Minor a certificate of appealability. (*Id.* at 7). In 2007, the Sixth Circuit granted Mr. Minor a certificate of appealability on his ineffective assistance of counsel claim and affirmed the judgment of the district court after briefing and argument. (*Id.* At 7). In 2015, Mr. Minor, *pro se*, filed a Motion for Sentencing. (*Id.*). On August 24, 2015, the trial court granted Mr. Minor's motion for the limited purpose of properly imposing post-release control sanctions and overruled his remaining arguments as untimely, barred by the doctrine of res judicata, and/or meritless. (*Id.*). On September 15, 2015, Mr. Minor, *pro se*, filed a timely notice of appeal. (*Id.*). On March 7, 2016, the appellate court affirmed the judgment of the trial court. (*Id.* At 8). On March 18, 2016, Mr. Minor, *pro se*, filed a timely notice of appeal to the Supreme Court of Ohio. (*Id.* at 9). On June 15, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (*Id.* at 10). In a re-sentencing entry filed on October 18, 2016, the trial court imposed a five-year mandatory term of post-release control. (*Id.*).

On May 15, 2017, Mr. Minor, through counsel, filed the instant petition for habeas relief. (ECF #1). Mr. Minor's petition alleges three grounds for relief: (1) that he was deprived of due process when the trial court failed find that his offenses were allied offenses subject to merger; (2) that he was denied due process when the trial court failed to indicate the sequence of the consecutive sentences to be served; and (3) that he was denied due process when the trial court denied his request to be physically present for a de novo re-sentencing hearing and ordered him re-sentenced via video conference.

Respondent filed a motion to dismiss the habeas petition as the claims are time barred, not

cognizable, or have been procedurally defaulted. (ECF #8). Mr. Minor filed a response in opposition (ECF #9) to the Respondent's motion

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge William H. Baughman, Jr. for the preparation of a report and recommendation. Magistrate Judge Baughman issued his Report and Recommendation on January 17, 2019, recommending that Petitioner's Writ of Habeas Corpus be dismissed as non-cognizable. (ECF # 12 at 22). Objections to the Report and Recommendation were to be filed within 14 days of service. Mr. Minor filed his Objections to the Magistrate's Report and Recommendation on January 29, 2019. (ECF #13). This matter is now ripe for review.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district

court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). As Mr. Vinson has filed an Objection, this Court reviews the Report and Recommendation *de novo*.

## Discussion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court finds that Magistrate Judge Baughman's Report and Recommendation to be thorough, well-written, well-supported, and correct. After a *de novo* review of the record and Mr. Minor's Objection, the Court ADOPTS the Report and Recommendation of Magistrate Judge Baughman. (ECF # 12). Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 15, 2019

5